1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DAVID NATHANIEL ROBERTS,              No.  2:20-CV-1068-TLN-DMC-P

12                   Plaintiff,

13          v.                              ORDER

14    CALIFORNIA STATE PRISON –
      SACRAMENTO,
15
                     Defendant.
16

17

18          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

19   U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

20          The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

In this case, Plaintiff names the following as defendants: (1) California State Prison – Sacramento; (2) "Ad.-Seg./SPU Staff:" and (3) "Medical Staff."  The Court finds the action cannot proceed on the original complaint because the only named defendant is immune from suit.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).  As a part of the California Department of Corrections and Rehabilitation, California State Prison – Sacramento, is not a proper defendant.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

2

1    complete in itself without reference to any prior pleading.  See id.

2            If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

3    conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

4    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

5    each named defendant is involved, and must set forth some affirmative link or connection

6    between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

7    164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8            Finally, Plaintiff is warned that failure to file an amended complaint within the

9    time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

10   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

11   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

12   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

13           Accordingly, IT IS HEREBY ORDERED that:

14           1.      Plaintiff's original complaint is dismissed with leave to amend; and

15           2.      Plaintiff shall file a first amended complaint within 30 days of the date of

16   service of this order.

17

18   Dated:  March 23, 2021

19                                          _____
                                            DENNIS M. COTA
20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28