**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID NATHANIEL ROBERTS, <br><br> Plaintiff, <br><br> v. <br><br> JEFF LYNCH, et al., <br><br> Defendants. | No. 2:20-CV-1068-TLN-DMC-P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 21, which has been docketed as Plaintiff's second amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names Jeff Lynch, the warden of California State Prison – Sacramento.  See ECF No. 21, pgs. 1, 2.  Plaintiff alleges that Defendant, through his agents, has been overcharging Plaintiff's prison trust account for filing fees under the Prison Litigation Reform Act.  See id. at 3.  Plaintiff seeks reimbursement of the funds.  See id. at 6.

Where a prisoner alleges the deprivation of a property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available.  See Zinermon, 494 U.S. at 136-39.  An available state common law tort claim procedure to recover the value of property is an adequate remedy.  See id. at 128-29.

Here, there are no allegations in the first amended complaint upon which the Court could conclude that the deprivation complained of was foreseeable.  Because California's tort claim process provides an adequate post-deprivation remedy, Plaintiff's claim is not cognizable.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

/ / /

1   　　　　　Based on the foregoing, the undersigned recommends that this action be dismissed
2   for failure to state a claim.
3   　　　　　These findings and recommendations are submitted to the United States District
4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5   after being served with these findings and recommendations, any party may file written
6   objections with the court.  Responses to objections shall be filed within 14 days after service of
7   objections.  Failure to file objections within the specified time may waive the right to appeal.  See
8   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  August 16, 2021

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DENNIS M. COTA
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE